IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MERCEDES DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00810-GBL-JFA |
| | ) | |
| WILLIAM TRUESDAL ADULT | ) | |
| DETENTION CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant City of Alexandria, Virginia ("City of Alexandria")'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. 38.) This case concerns Plaintiff Ms. Mercedes Davis's allegation that while she was an inmate at William G. Truesdale Adult Detention Center, correctional officer Bryant Pegues sexually assaulted her. (Doc. 32.) Plaintiff alleges claims that under Defendant City of Alexandria's policies or customs, William G. Truesdale Adult Detention Center operated in a manner which enabled Pegues to sexually assault Plaintiff in violation of her Eighth Amendment rights pursuant to 42 U.S.C. § 1983, *et seq.* ("§ 1983"), and should, thus, be held vicariously liable for Pegues' acts (Counts IX and XII). (*Id.* at 10, 11, 15.) Additionally, Plaintiff asserts state law tort claims for negligence and gross negligence alleging that Defendant failed to ensure her safety by instituting a custom or policy which permitted Pegues to have access to Plaintiff's cell prior to sexually assaulting her (Counts X and XI). (*Id.* at 12-14.)

There are three issues before the Court. The first issue is whether Plaintiff's Amended Complaint plausibly alleges a *respondeat superior* claim against Defendant City of Alexandria where Plaintiff alleges that Pegues was an agent or employee of the City at the time of her

alleged injuries. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's *respondeat superior* claim against Defendant (Count XII) because as a correctional officer, Pegues was not employee of the City of Alexandria, but was employed by the Sheriff of the City of Alexandria who is a constitutional officer employed by the Commonwealth of Virginia. Moreover, even if Pegues was an employee of the City, municipalities cannot be held liable under § 1983 on a *respondeat superior* theory for the acts of their employees.

The second issue is whether Plaintiff's Amended Complaint plausibly alleges an Eighth Amendment violation pursuant to § 1983 where Plaintiff states that Defendant City of Alexandria's official policies or customs permitted William G. Truesdale Adult Detention Center to be designed and operated in such a manner to facilitate the conditions in the Critical Care Unit that caused the injuries to the Plaintiff. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's § 1983 claim against Defendant (Count IX) because the Sheriff, not the City of Alexandria, determines the policies and customs of William G. Truesdale Adult Detention Center, and the Sheriff makes these determinations based on the mandatory minimum standards established by the State Board of Corrections.

The third issue is whether Plaintiff's Amended Complaint plausibly alleges state law tort claims of negligence and gross negligence against Defendant City of Alexandria where Plaintiff alleges Defendant had a duty to the inmates at Truesdale Detention Center to prevent sexual assault, and willfully disregarded a duty to ensure Plaintiff's safety while at Truesdale Detention Center. The Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's negligence claim (Count X) and gross negligence claim (Count XI) because the doctrine of sovereign immunity protects Defendant from tort liability arising from the exercise of governmental functions, such as maintaining a jail.

## I. BACKGROUND

In May 2014, Plaintiff Ms. Mercedes Davis was incarcerated at the William G. Truesdale Adult Detention Center ("Truesdale") in Alexandria, Virginia and was assigned to Truesdale's Critical Care Unit due to her history of mental illness. (Doc. 32 at 3.) Defendant Bryant Pegues was a deputy at Truesdale assigned to supervise and maintain the Critical Care Unit. (*Id.*) Plaintiff alleges that on or about May 27, 2014, Pegues walked by her cell while looking at her in a "threatening and menacing manner." (*Id.*) Plaintiff further alleged that on the same day, Pegues entered her cell and sexually assaulted her. (*Id.* at 4.)

On January 8, 2017, Plaintiff filed her Amended Complaint and asserted the following claims against Defendant City of Alexandria, *inter alia*: violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, *et seq.* (Count IX); negligence (Count X); gross negligence (Count XI); and *respondeat superior* (Count XII). (Doc 32.)

This matter is now before the Court on Defendant's Motion to Dismiss. On March 2, 2017, Defendant City of Alexandria filed a Motion to Dismiss (Doc. 38). Plaintiff's opposition was due on March 17, 2017. Plaintiff, however, has not filed a response to Defendant's motion, and that motion is now before this Court.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion should be granted where the plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To survive a Rule 12(b)(6) motion, a claim must be facially plausible, meaning the complaint contains sufficient

3

factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

The requirement for plausibility does not mandate a showing of probability but merely that there is more than a possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). Thus, in reviewing a 12(b)(6) Motion to Dismiss, a court must separate factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). Further, a court may consider the facts alleged on the face of the complaint, "documents incorporated into the complaint by reference," and those matters properly subject to judicial notice. *Clatterbuck*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### III. ANALYSIS

#### A. Counts XII and IX – Federal Law Claims

##### 1. *Count XII – Respondeat Superior*

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's *respondeat superior* claim because correctional officer Pegues was an employee of the Sheriff, not the local

government of the City of Alexandria. Even if Pegues was an employee of the City, municipalities cannot be held liable under § 1983 on a *respondeat superior* theory for the acts of their employees.

Correctional officers are employees of the sheriff, not the local government. *See Roop v. Whitt*, 289 Va. 274, 279-80 (2015). Sheriffs and their employees are constitutional officers of the state, and while state constitutional officers "may perform certain functions in conjunction with local government, they are neither agents of nor subordinate to local government." *Id.* at 280 (citing *Carraway v. Hill*, 265 Va. 20, 24 (2003)) (internal quotations omitted). Accordingly, Pegues is not an employee of the City of Alexandria because, at the time of the sexual assault, he was a correctional officer and employee of the Sheriff of the City of Alexandria, not the City itself.

Furthermore, even if Pegues was an employee of the City of Alexandria, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," and thus cannot be held liable under § 1983 on a *respondeat superior* theory. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691, 694 (1978)).

Here, Plaintiff's Amended Complaint alleges that Defendant City of Alexandria should be held vicariously liable for the actions of Defendant Pegues because he was acting as an "actual and/or apparent agent, servant, employee, representative and/or independent contractor of Defendant City of Alexandria" (Count XII). (Doc. 32 at 15.) The Court finds that Pegues was an employee of the Sheriff at the time of the sexual assault, not the City of Alexandria. Moreover, even if Pegues was an employee of the City, the U.S. Supreme Court has held that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. Therefore, the

Court GRANTS Defendant's Motion to Dismiss Plaintiff's *respondeat superior* claim because it is not a claim upon which relief may be granted.

*2. Count IX – Municipal Liability for Eighth Amendment Violations Pursuant to § 1983*

The Court GRANTS Defendant's Motion to Dismiss because the City of Alexandria is an improper party to the case, where the Sheriff is an elected constitutional officer employed by the Commonwealth of Virginia, not the City of Alexandria, and acts independently of the City in determining the policies and customs of Truesdale.

To state a plausible claim against a municipality under 42 U.S.C. § 1983, Plaintiff must show that the city "deprived [her] of a constitutional right through an official policy or custom" adopted and promulgated by municipal officers. *Monell*, 436 U.S. at 690; *Moody*, 93 F. Supp. 3d 516, 529 (E.D. Va. 2015). Plaintiff's Amended Complaint alleges that Defendant City of Alexandria's official policies or customs permitted Truesdale to be designed and operated in such a manner to "facilitate the conditions in the Critical Care Unit that caused the injuries to the Plaintiff." (Doc. 32 at 10 ¶ 50.) However, under Virginia law, the City has no control over the internal administration of detention centers therein. *See Grayson v. Peed*, 195 F.3d 692, 697 (4th Cir. 1999); *see also Strickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir. 1993) (asserting that the administration of a jail does not "embody an official policy of the City"). Rather, the State Board of Corrections establishes the standards for the construction, administration, and operation of local correctional facilities. Va. Code. Ann. § 53.1-68(A) (2016). Here, the Court finds that the City of Alexandria has no control over the policies and customs in place at Truesdale and bears no responsibilities for the injuries which result from these policies or customs. *See Grayson*, 195 F.3d at 697. For this reason, the Court GRANTS Defendant's Motion to Dismiss

Plaintiff's claim that Defendant City of Alexandria violated her Eighth Amendment rights (Count IX).

## B. Counts X and XI – State Law Torts Claims (Negligence & Gross Negligence)

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's state law tort claims against Defendant City of Alexandria because the doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions.

The Virginia Supreme Court has asserted that "the doctrine of sovereign immunity is 'alive and well' in Virginia." *Messina v. Burden*, 228 Va. 301, 307 (1984). The doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions. *Niese v. City of Alexandria*, 264 Va. 230, 238 (2002); *Hoggard v. City of Richmond*, 172 Va. 145, 147-48 (1939). A function is governmental if it is directly tied to the health, safety, and welfare of citizens, and the Virginia Supreme Court has held that the maintenance of a jail is a "purely governmental function." *Niese*, 264 Va. at 239 (citing *Edwards v. City of Portsmouth*, 237 Va. 167, 171 (1989)); *Franklin v. Richlands*, 161 Va. 156, 163 (1933).

Here, Plaintiff asserts state law tort claims of negligence (Count X) and gross negligence (Count XI) against Defendant City of Alexandria. However, these claims arise from her alleged assault by Pegues which occurred during Defendant's exercise of the governmental function of maintaining Truesdale Detention Center. As a result, the doctrine of sovereign immunity precludes Plaintiff from obtaining any relief under these claims against the City, even assuming the allegations in Plaintiff's Complaint to be true. Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to the tort law negligence (Count X) and gross negligence (Count XI) claims against Defendant City of Alexandria.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss federal law *respondeat superior* claim against Defendant (Count XII) because correctional officer Pegues was not an employee of Defendant City of Alexandria at the time of Plaintiff's injury. Further, even if Pegues was a City employee, municipalities cannot be held liable under § 1983 on a *respondeat superior* theory for the acts of their employees.

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's federal law claim that Defendant violated her Eighth Amendment rights pursuant to § 1983 (Count IX) because the City of Alexandria has no control over the policies and customs in place at Truesdale and, thus, bears no responsibilities for Plaintiff's injuries.

The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's state law tort claims against Defendant (Counts X and XI) because the doctrine of sovereign immunity protects municipalities from tort liability arising from the exercise of governmental functions.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's 12(b)(6) Motion to Dismiss (Doc. 38) is **GRANTED** with respect to all claims against Defendant City of Alexandria.

**IT IS SO ORDERED.**

ENTERED this 11th day of April, 2017.

Alexandria, Virginia
4/11/2017

/s/
Gerald Bruce Lee
United States District Judge